# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:12CR00074-03 |
| VS. | : | JUDGE MINALDI |
| ANTHONY F. GIAIMIS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Rec. Doc. 209) filed by the defendant, Anthony G. Giaimis ("Giaimis"). The motion has been opposed by the Government (Rec. Doc. 214). The defendant filed a Reply (Rec. Doc. 217) on January 21, 2016. This matter is fully briefed and ready for disposition.

The defendant argues that defense counsel provided constitutionally inadequate representation of counsel by:

1) failing to follow through on favorable plea agreements offered by the government;

2) failing to properly investigate the evidence presented to him by the government prior to plea negotiations and interview other available defense witnesses;

3) failing to interview and call witnesses suggested by his client;

4) failing to mount a credible defense; and

5) failing to properly preserve the issue of insufficient evidence with regard to each count against the defendant.

Procedural History[1]

On August 16, 2012, a federal grand jury returned a six-count superseding indictment against the defendant, Ricky Martinez and Justin Brewer. The defendant was charged with conspiracy to distribute and to possess with intent to distribute more than fifty grams of methamphetamine, (count one), possession of methamphetamine with intent to distribute (count three), possession of firearms in furtherance of drug trafficking crimes (count 5) and possession of firearms by a convicted felon (count 6). (Rec. Doc. 27). On April 5, 2013, the government filed an information to establish a prior conviction. (Rec. Doc. 120).

On April 10, 2013, after three days of trial, a jury found the defendant guilty of counts one, three, and six and not guilty of count five. (Rec. Doc. 135). On April 5, 2013, the government filed an information to establish a prior conviction. (Rec. Doc. 120).

On August 1, 2013, the defendant was sentenced to 262 months imprisonment. (Rec. Doc. 151). On June 30, 2104, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction. (Rec. Doc. 190).

FACTS

The defendant was obtaining methamphetamine from Justin Brewer and Ricky Martinez which he would distribute in the Calcasieu Parish area. Brewer participated as "a facilitator or middleman between Giaimis and his suppliers." (Rec. Doc. 190-Fifth Circuit opinion).

On December 28, 2011, pursuant to information from Jeremy Landreneau, a confidential informant, officers stopped a white vehicle with Texas license plates after it left a marina in Westlake, Louisiana which was owned by the defendant's family and where the defendant lived

---

[1] As summarized by the government.

and worked. Methamphetamine was recovered in the vehicle which was driven by Justin Brewer (Rec. Doc. 175 (Vol. II of Trial Tr.) at 24-30, 42; Rec. Doc. 177 (Vol. II of Trial Tr.) at 67).

Justin Brewer testified at trial that the drugs in the car were intended for the defendant. He had met the defendant in 2004 but in approximately 2009 or 2010 began acting as facilitator in Houston between the defendant and two Mexican brothers who were supplying the defendant methamphetamine. He would receive a fee of $200 per ounce of methamphetamine which was paid by the two brothers and the defendant. Brewer was involved in approximately 15 to 20 transactions each entailing around eight ounces of methamphetamine. (Rec. Doc. 176).

After the arrest of Brewer, a search warrant was executed at the marina. Guns and drugs were found, but the relevant evidence was described by the Fifth Circuit. In describing the evidence supporting the count of possession of methamphetamine with intent to distribute, the Fifth Circuit pointed out that two grams of methamphetamine were found in a camp trailer occupied only by the defendant and "[a]lthough the quantity of drugs was consistent with personal use, it was found with other evidence indicative of distribution, such as a digital scale and a large quantity of small, unused plastic baggies." (Rec. Doc. 190- Fifth Circuit opinion, p. 2). In addressing the possession of firearm by a convicted felon, the Fifth Circuit stated, "The evidence establishes that one of the firearms was kept in a locked toolbox and that Giaimis kept the key for the tool box in his locked truck."(Rec. Doc. 190- Fifth Circuit opinion, p. 3).

After his arrest, the defendant did make a statement. He admitted his relationship with Brewer and the two Mexican brothers. He provided a list of people to whom he was selling methamphetamine. (Rec. Doc. 177 (Vol. III of Trial Tr.) at 39-51, 95-9.

Law

" 'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[2]

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495–6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620–2, 118 S.Ct. 1604, 1610–1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir.1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent.

---

[2] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

*Shaid,* 937 F.2d at 232. *United States v. Reynoso* L 949831, 2 -3 (W.D.La., 2013). An error of law does not provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

The defendant argues that the "cause" was ineffective assistance of appellate counsel. Constitutionally ineffective assistance of counsel may constitute cause for procedural default. *Murray v. Carrier,* 477 U.S. 478, 488-92 (1986). However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486. As long as counsel is effective under the test established in *Strickland v. Washington,* 466 U.S. 668 (1984), there is "no inequity in requiring [the defendant] to bear the risk of attorney error that results in procedural default." *Murray v. Carrier,* 477 U.S. at 488.

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[3] The burden that *Strickland* poses on a defendant is severe.[4]   One way to satisfy the deficiency

---

[3] *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson,* 985 F.2d 212, 215 (5th Cir. 1993).

[4] *Proctor v. Butler,* 831 F.2d 1251, 1255 (5th Cir. 1987).

prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[5] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[6]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[7] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[8]

Giaimis must establish that the alleged deficient performance by his counsel prejudiced his defense.[9] He has not succeeded in making this showing.

Plea Negotiations

Giaimis presents several variations on his argument that his trial counsel, Mr. Todd Clemons ("Clemons"), did not pursue a plea agreement. First, he states that while his attorney did advise him

---

[5] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[6] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[7] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[8] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[9] *Mullins,* 315 F.3d at 456.

of an initial offer of ten years to life with no firearm enhancement, his attorney never made an effort to finalize that offer with the government. Next, he states that every time he asked about the plea agreement, he was told that he would get no more than ten years, even if he went to trial. Then, he states that his counsel told his family that he would need an additional payment to go to trial, because the government was not offering a plea agreement. Then, Giaimis states that his attorney never advised him that the government would file a § 851 enhancement if he did not plead guilty. These statements by the defendant are, on their face, inconsistent.

[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010). "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice."*United States v. Rivas–Lopez,* 678 F.3d 353, 356–57 (5th Cir.2012). "To establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different."*Id.* at 357. As to prejudice, when a defendant alleges that counsel's deficient performance caused him to reject a plea offer, he must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.. *Lafler v. Cooper,* ––– U.S. –––, 132 S.Ct. 1376,

1385, 182 L.Ed.2d 398 (2012).

Giaimis did not file an affidavit to support his allegations and his statements are contradictory. The government, in the answer, filed a letter from Mr. Clemons attached to his response to a complaint Giaimis filed with the disciplinary board. In this letter Mr. Clemons stated "I strongly encouraged Tony to accept the Government's plea offer, but he refused which was his right." (Rec. Doc. 209-2).

A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *See United States v. Cavitt,* 550 F.3d 430, 442 (5th Cir.2008). However, this requirement must be understood practically, in the context of the claim being presented. For example, when a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than "mere contradiction of his statements," typically "specific factual allegations supported by the affidavit of a reliable third person." *United States v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir.1986); *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985). Similarly, speculative and unsupported accusations of wrongdoing do not entitle a defendant to an evidentiary hearing. *See, e.g., United States v. Auten,* 632 F.2d 478, 480 (5th Cir.1980) ("Auten does not point to any evidence, nor do we find any in the record, to support his allegation that the government knowingly used perjured testimony.... Auten's conclusory assertions do not support the request for an evidentiary hearing."); *United States v. Edwards,* 442 F.3d 258, 265 (5th Cir.2006) ("Our review of the record reveals no factual support for this improbable scenario [involving alleged government *Brady* violations]; instead, the record affirmatively contradicts Appellants' arguments."). *United States v. Reed,* 719 F.3d 369, 373 74 (5th Cir. 2013).

This court finds nothing in the record, save the defendant's self-serving statements in his brief, to support his allegation that he was wrongly informed of the proposed terms of a plea agreement. Additionally, Giaimis has not shown that but for the ineffective advice of counsel there was a reasonable probability that the plea offer would have been presented to the court (*i.e.* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.. For this reason, an evidentiary hearing is not warranted and he has not sufficiently alleged ineffective assistance of counsel with regard to the plea agreement.

Failure to Investigate

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *U.S. v. Green,* 882 F.2d 999, 1003 (5th Cir.1989). *United States v. Moss*, No. CIV.A. 12 1525, 2014 WL 4354535, at *6 (W.D. La. Sept. 2, 2014).

Giaimis asserts that his counsel did not: review all evidence; identify possible areas of impeachment of prosecution witnesses; assemble rebuttal witnesses; investigate and develop further facts and evidence "that would have been readily available if only requested regarding the search"; request, subpoena, or independently carry out and fingerprint tests on the drugs and guns seized and

filed no motion attacking the search warrant or indictment. These allegations are of a general nature. Giaimis does not identify specific facts or evidence that were available. He did not establish how this information would have changed the outcome of the case. The government argues that, during the trial, defense counsel asked repeatedly if fingerprints were found on the drugs or guns. (Rec. Doc. 175, Vol. II of Trial Transcript, at 47; Rec. Doc. 177, Vol III, at 35, 126).

After a review of the trial transcript and the record in this case, the court finds that the lack of fingerprints was proven and the defendant has not established prejudice.

Failing to Interview and Call Witnesses Suggested by the Defendant

Giaimis argues that his counsel should have done extensive investigation and interviewed "potentially exculpatory" witnesses suggested to him by the defendant. (§2255 Motion at p. 14). Giaimis admits that counsel contacted these suggested witnesses although he argues the contact was "perfunctory." (*Id.* at p. 14).

While a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance. In *Gray v. Lucas*, 677 F.2d 1086, 1093 n. 5, (5th Cir.1982), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983), the Fifth Circuit recognized that character witnesses, unlike eyewitnesses, usually are not crucial. Counsel's failure to call character witnesses does not mandate a finding of ineffective assistance of counsel. Counsel is "not required to pursue every path until it bears fruit or until all conceivable hope withers."*Id.* at 1094. Further, while a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance.

Giaimis asserts that his counsel should have called Jeremy Landrieu or Justin Gremillion as witnesses so that they could have testified about the buy-sell agreement that existed between the co-defendants. The defendant argues that this testimony could have illustrated the defendant's personal level of drug addiction, which would have been an alternate defense theory. To prevail on a claim based on a failure to call witnesses, the defendant not only name the witness, but "demonstrate that the witness would have testified, set out the contents of the proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347 (5th Cir. 2010)(citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Under substantial jurisprudential precedent, Giaimis is required to both identify and present the substance of the purported witnesses' testimony "in the form of actual testimony or affidavit." *U.S. v. Ashimi,* 932 F.2d 643, 650 (7th Cir.1991) ( "A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). *See also U.S. v. Anderson,* 61 F.3d 1290, 1299 (7th Cir.1995) (Where defendant fails to suggest "how his purported rebuttal witnesses would have testified or how they could have changed the result in this case[, reviewing court] cannot conclude that ... counsel rendered ineffective assistance by failing to call these unnamed witnesses."); *Granada v. U.S.,* 51 F.3d 82, 85 (7th Cir.1995) (prejudice not shown where petitioner fails to identify uncalled witnesses or state substance of their testimony).

Similarly, Giaimis's claim that Clemons did not conduct sufficient investigation of the case, through which he allegedly would have discovered these witnesses, is doomed by insufficient allegations. First, the evidence and even Giaimis's own allegations establish that Clemons did conduct an investigation, and the Court presumes, as it must under *Strickland,* that his investigation

11

was adequate; Giaimis has not overcome this presumption.. In making a claim that counsel failed to adequately investigate the case, Giaimis must come forward with an explanation of what information a more-extensive investigation would have revealed, which he has not done. *See Hardamon v. U.S.*, 319 F.3d 943, 951 (7th Cir.2003) *(quoting U.S. ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1133 (7th Cir.1990)) ("[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'"). *See Bailey v. United States*, No. 08 CV 1362, 2010 WL 1500882, at *2 3 (C.D. Ill. Apr. 13, 2010).

The record shows that Giaimis has failed to establish that Clemon's actions in cross-examining witnesses was constitutionally deficient. Accordingly, counsel's failure to call the alleged witnesses does not mandate a finding of ineffective assistance of counsel. *See United States v. Cockrell*, 720 F.2d 1423, 1428 (5th Cir. 1983).

<u>Failure to Mount a Credible Defense</u>

A § 2255 petitioner alleging ineffective assistance of counsel must identify the errors that he claims-the Court cannot scour the record on his behalf, searching for any potential errors. Giaimis has failed to identify a credible defense and he has failed to properly allege either error or prejudice.

Giaimis argues that his counsel failed to establish that his mother managed the family business and he failed to examine the true motivation for the arrest of the defendant, which he alleges was the desire of the local sheriff's office to seize the marina. There is no proof of this assertion anywhere in the record.

The government argues, and the court agrees, that Clemon's effectiveness is established by

the record. Clemons did elicit testimony about Giaimis's addiction. Clemons elicited testimony that a scale could have been used to be sure that he was receiving the amount of drugs for which he had paid. (Rec. Doc. 175, Vol II, at p. 82). Under cross-examination, Brewer admitted that he had no control over the drugs once delivered to Giaimis. (Rec. Doc. 176 at 18). Additionally, as noted by the government, it was because of Clemon's effective representation that Giaimis was acquitted of one count.

<u>Failure to Preserve Sufficiency of Evidence Arguments on Each Count</u>

Giaimis argues Clemon's failure to re-urge his Rule 29 motion at the conclusion of the evidence is clearly evidence of ineffective assistance.

After reviewing the record and the evidence presented against Giaimis, this court finds, as a matter of law, that the evidence supported a finding of conspiracy to distribute and to possess with intent to distribute more than fifty grams of methamphetamine, (count one), possession of methamphetamine with intent to distribute (count three), and possession of firearms by a convicted felon (count six). Giaimis was not prejudiced by his attorney's failure to renew the Rule 29 motion for acquittal. Even if renewed, the motion should have been denied because the evidence is sufficient to support the conviction. *United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004).

Conclusion

In sum, all of the defendant's challenges fail the *Strickland* test. Though the Court recognizes that "prejudice may be based on the cumulative effect of multiple errors", the challenges presented by Giaimis do not result in a "reasonable probability that the outcome of the trial would have been different." *Mosby v. United States*, No.

09 CV 01252, 2010 WL 2891675, at *5 (C.D. Ill. July 20, 2010); *Malone v. Walls*, 538 F.3d 744, 762 (7th Cir.2008). Therefore, Giaimis's motion will be denied.

Lake Charles, Louisiana, this 26 day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

14