UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:12-CR-0074(03)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ANTHONY F. GIAIMIS** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Reconsideration [doc. 261] filed by defendant Anthony F. Giaimis, relating to the court's March 28, 2016, judgment denying his motion to vacate under 28 U.S.C. § 2255. Doc. 221.

Following a jury trial, Giaimis was convicted in this court of conspiracy to distribute and to possess with intent to distribute more than fifty grams of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and possession of firearms by a convicted felon, a violation of 18 U.S.C. § 922(g)(1).[1] Doc. 135; *see* doc. 27 (superseding indictment). On August 1, 2013, he was sentenced by Judge Patricia H. Minaldi to concurrent terms of imprisonment totaling 262 months. Doc. 162. His sentence was increased under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides for enhanced penalties for a defendant who violates § 922(g) and has at least three prior convictions for a violent felony, serious drug crime, or both. Doc. 151.

---

[1] Giaimis was found not guilty of count five of the superseding indictment, possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(ii). Doc. 135.

Giaimis's convictions and sentences were upheld on appeal. Doc. 190. He then filed a pro se motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Doc. 209. In his reply brief he also asserted that he was entitled to relief under *Johnson v. United States*, __ U.S. ___, 135 S.Ct. 2551 (2015). In that matter the Supreme Court held that the definition of a violent felony under the residual clause of the ACCA was void for vagueness.[2] Since then the Court has likewise invalidated definitions of a "crime of violence" in the residual clauses of 18 U.S.C. § 16 in *Sessions v. Dimaya*, __ U.S. __, 138 S.Ct. 1204 (2018), and 18 U.S.C. § 924(c)(3)(B) in *United States v. Davis*, __ U.S. __, 139 S.Ct. 2319 (2019).

By ruling dated March 28, 2016, Judge Minaldi denied relief on Giaimis's § 2255 motion. Docs. 220, 221. She made no mention of the *Johnson* argument raised in his reply brief. The Fifth Circuit denied a certificate of appealability. Doc. 234. Counsel enrolled on Giaimis's behalf and filed a Rule 60(b)(6) motion on December 27, 2019. Doc. 261. Giaimis points to Judge Minaldi's medical retirement in July 2017, preceded by a leave of absence beginning in December 2016 and removal from a case in March 2016. He alleges that these events form extraordinary circumstances entitling him to reconsideration of his § 2255 motion, specifically as to the *Johnson* argument not addressed in the original ruling. Doc. 261.

---

[2] The ACCA defines a "violent felony" in three ways. Under the elements clause, a violent felony is one that has as an element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 924(e)(2)(B)(i). Under the enumerated clause, a violent felony includes certain named offenses – "burglary, arson, or extortion, [or a crime that] involves use of explosives[.]" *Id.* at § 924(e)(2)(B)(ii). Under the residual clause, a violent felony is one "otherwise [involving] conduct that presents a serious potential risk of physical injury to another." *Id.*

Even if Giaimis could show that Judge Minaldi's condition had an impact on her review of his case, he cannot demonstrate any right to relief from his conviction or sentence under *Johnson*. The ACCA was implicated under Giaimis's felon in possession conviction, based on a prior drug trafficking conviction in the state of Texas and two prior simple burglary convictions in the state of Louisiana. *See* doc. 172, pp. 2–3; doc. 148, att. 1. The definition of a "serious drug offense" under the ACCA, § 924(e)(2)(A), has not been called into question by *Johnson* or its progeny. *E.g.*, *United States v. Thomas*, 698 F. App'x 790 (5th Cir. 2017).

Burglary is included in the ACCA's enumerated clause, and the definition of "simple burglary" under Louisiana law largely matches the generic version contemplated by the ACCA. *See United States v. Barrett*, 2019 WL 2450918 (M.D. La. Jun. 12, 2019). The Louisiana definition is potentially broader, however, because it also contemplates unprivileged entry into a vehicle, watercraft, or cemetery, while the generic definition speaks of only a "buildings or structure." *Compare* La. Rev. Stat. § 14:62 *with Taylor v. United States*, 495 U.S. 575, 599 (1990). As long as the record shows, however, that the defendant was convicted of burglarizing a building, a conviction under the Louisiana simple burglary statute qualifies as a violent felony under the ACCA's enumerated clause. *United States v. Bailentia*, 717 F.3d 448, 449 (5th Cir. 2013).

The records in this matter reflect that Giaimis was charged with burglarizing a structure – specifically, a commercial building in Calcasieu Parish, Louisiana – on two occasions in 1991. Doc. 148, att. 1, p. 8. He pleaded guilty to these charges. *Id.* at 9. At sentencing in this court he did not contest his identity or any of the facts of the underlying

convictions. Doc. 172, p. 2. Accordingly, the burglary convictions qualify as predicate offenses under the ACCA's enumerated clause and are not subject to challenge under *Johnson*. Giaimis is not and was not entitled to relief under § 2255 based on his *Johnson* argument, and his Motion for Reconsideration will be denied.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of January, 2020.

                              **JAMES D. CAIN, JR.**
                        **UNITED STATES DISTRICT JUDGE**