UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:12-CR-00074-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ANTHONY F. GIAIMIS (03)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a "Motion for Immediate Release under 18 U.S.C. § 3582(c)(1)(A)(i)", wherein, Defendant, through counsel, request that he be immediately released for "extraordinary and compelling" reasons.

## BACKGROUND

On August 16, 2012, a federal grand jury returned a seven (7) count superseding indictment charging the defendant, Anthony g. Giaimis, with one count of conspiracy to distribute and posses with intent to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine, one count of possession of firearms during and in furtherance of drug trafficking crimes, and one count of possession of firearms by a convicted felon.[1]

Following a jury trial in 2013, Anthony Giaimis was convicted in this Court of: (i) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; (ii) possession of 5 grams or more of methamphetamine with intent to distribute; and (iii) possession of firearms by a convicted felon. On August 8, 2013, Giaimis

---
[1] Doc. 27.

was sentenced to concurrent terms of imprisonment totaling 262 months.[2] Giaimis' sentence was increased under the Armed Career Criminal Act ("ACCA"), which provides for enhanced penalties for a defendant who violates § 922(g) and has at least three prior convictions for a violent felony, serious drug crime, or both.[3] This enhancement had the effect of raising the penalty under 18 U.S.C. § 922(g)(1) from zero to ten years to fifteen years to life.[4] The guideline for ACCA offenders, USSG § 4B1.4, increased his sentencing range from 151 to 188 months to 262 to 327 months.[5]

With regard to the statutory enhancement for a prior drug felony, the Government filed a notice under 21 U.S.C. § 851 which increased the mandatory minimum sentence for Mr. Giaimis' drug trafficking charge from 10 years to 20 years. The Government's notice alleged that Mr. Giaimis had been convicted in 2011 in Texas for the offense of delivery of methamphetamine. At sentencing, the district court imposed the bottom of the guideline 262-month term of imprisonment.

In 2020, Mr. Giaimis requested that this Court reconsider a prior Judge's denial of a his 28 U.S.C. § 2255 motion.[6] This Court denied relief, finding that Louisiana's simple burglary was an enumerated offense under the ACCA. (Rec. Doc. 264). On December 5, 2023, Giaimis submitted a written request for compassionate release to the warden of his

---

[2] Doc. 162.
[3] Doc. 151.
[4] PSR ¶ 62.
[5] PS ¶ 63.
[6] Doc. 261.

institution seeking relief under 18 U.S.C. § 3582(c)(1)(A) The request was denied on December 13, 2023.[7]

Giaimis has served approximately 12 years of his 21-year sentence and his expected release date is March 26, 2030. Giaimis now seeks relief from this Court for compassionate release.

## **LAW AND ANALYSIS**

In his Motion, Giaimis seeks compassionate release based on his extraordinary rehabilitation, his mother's need for full-time care, and his unusually long sentence.[8] The Government opposes any early release and argues that Giaimis has failed to establish a compelling argument as to why he should be released.

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act ("FSA"), which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) prisoners may directly petition courts for compassionate release.

---

[7] Government's exhibits A and B.
[8] Doc. 270-2.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement." 1 U.S.S.G. § 1B1.13.

The application note sets forth certain conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). The note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The policy statement found in U.S.S.G. § 1B1.13 provides that, upon motion of the BOP director or the defendant made pursuant to § 3582(c)(1)(A), "the court may reduce a term of imprisonment ... if, after considering the factors set forth in 18 U.S.C. § 3553(a), ... the court determines that extraordinary and compelling reasons warrant the reduction; or the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison ...." U.S.S.G. § 1B1.13(a)(1). The defendant must also not present a danger to any other person or to the community. *Id.* § 1B1.13(a)(2).

The policy statement defines "extraordinary and compelling reasons" that may justify reducing a prison term as certain medical conditions, age, family circumstances,

status as a victim of abuse while in custody, "other reasons," or an unusually long sentence under certain circumstances. *Id.* § 1B1.13(b).

Courts consider the portion of the sentence that the defendant has served in determining if the cited medical conditions are extraordinary and compelling. *United States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir. 2021) ("The courts that granted compassionate release ... largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns."); *United States v. Chehab*, 2021 WL 5313619, at *2 (5th Cir. Nov. 15, 2021) (same).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50. This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Giaimis informs the Court that he has a nearly unblemished disciplinary record during the years of his incarceration and that his conduct does not indicate that he has

dangerous or violent tendencies towards others. He has participated in vocational, therapeutic, academic, and creative programs available to him through the Bureau of Prisons. He has enrolled in over three dozen programs,[9] committed himself to confronting his personal issues with substance abuse and addiction, and maintained his duties related to his work assignment at the Unicor factory.[10] Giaimis submits a letter from the Quality Assurance Manager in the Unicor program attesting to his trustworthiness and leadership role.

Next, Giaimis explains that his 88-year-old mother needs help with the family business as well as daily care, noting that his sister is not physically capable to help her.

Finally, Giaimis complains that his sentence was unfairly harsh. Specifically, the U.S. Supreme Court's 2016 decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), clarified the definition of "burglary" for purposes of determining the ACCA's definition of a "serious violent felony." Second, the First Step Act of 2018 changed the requirements for enhancing a drug trafficking sentence under 21 U.S.C. §§ 841(a) and (b)(1)(A). Third, Amendment 782 to the United States Sentencing Guidelines increased the drug quantity thresholds needed to trigger certain base offense levels in USSG § 2D1.1, including those

---

[9] Including Drug Education, Anger Management, Stress Management, and Anxiety Management; vocational programs include repairing and maintaining boat, carpentry, commercial driver's license, diesel mechanics, building trades, installation, repair, and maintenance of appliances; academic courses include written communications, advanced and conversational Spanish, creative writing WWII History and nutrition; job skills programs such as Money Smart for Adults, Job Interviewing, Basic Accounting and Strategic Business Planning.
[10] Defendant's exhibit D.

assigned to methamphetamine (actual) and methamphetamine (mixture and substance). As he pointed out to the Warden, had these three changes in the law been in place in 2013 when he was sentenced, his advisory guideline range would have been 121 to 151 months.

Additionally, the U.S. Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015) considered the ACCA's so-called residual clause, i.e., that part of the definition of "violent felony," which included convictions involving "conduct that presents a serious potential risk of physical injury to another." The *Johnson* decision held that the so-called "residual clause" of 18 U.S.C. § 924(e)(2)(B)(2) was unconstitutionally vague. The decision was ultimately found to be retroactively applicable to cases pending on collateral review.

In the wake of *Johnson* and during its very next term, the Supreme Court considered the outer boundaries of the definition of "burglary," one of the ACCA's enumerated crimes. In *Mathis*, the Supreme Court considered whether Iowa's burglary statute, which included "any building, structure, [or] land, water, or air vehicle" was indivisible and broader than generic burglary. *Id.* at 2250. In reaching its decision the high court found that:

> A crime counts as "burglary" under the Act if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA "burglary"— even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries.

*Mathis v. United States*, 579 U.S. 500, 504, 136 S. Ct. 2243, 2248 (2016).

When Congress listed "burglary" as an ACCA predicate, it referred only to its generic version—not to every possible variant of the offense created by the various states. See *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, (1990). "That means as to

burglary—the offense relevant in this case—that Congress meant a crime contain[ing] the following elements: an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime (internal quotations deleted)." *Mathis v. United States*, 579 U.S. 500, 503–04, 136 S. Ct. 2243, 2248 (2016).

The Supreme Court found that the Iowa statute was categorically overbroad because it included aircraft and watercraft. It also found that the statute was indivisible because the locational requirement of the offense, i.e., "any building, structure, [or] land, water, or air vehicle," was not an essential element of the crime.

Like the Iowa statute, Giaimis argues that the Louisiana simple burglary statute, Louisiana Revised Statue 14:62, provides a disjunctive list of locations that can be burglarized:

> A. Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.

Defendant contends that the Louisiana simple burglary statute suffers from the same flaw as the Iowa statute in *Mathis*. It includes vehicles and watercraft. See Louisiana Revised Statute 14:62. Accordingly, Defendant maintains that because both the Iowa statute and the Louisiana statute allow for burglary to occur in a boat or car, the statutes are broader than the generic version of burglary and cannot serve as an ACCA predicate offense.

In 2017, the Government conceded on at least three occasions that Louisiana Revised Statute 14:62 did not constitute generic burglary. Accordingly, judgments were

entered lowering those defendants' previously imposed sentences that were enhanced based on simple burglary convictions. See, *U.S. v. Marcus Alexander*, Criminal Action No. 07-cr-50088, Docs. 72-74; *U.S. v. Leslie Bloxom*, Criminal Action No. 07-cr-50100, Docs. 51, 53, 54, and; *U.S. v. Jerry Cutley*, Criminal Action No, 5:10-cr-166, Docs. 63, 64, 72, 73.

Accordingly, Giaimis argues that it is possible that following the decisions in *Johnson* and *Mathis*, if he were being sentenced today, his prior convictions for simple burglary would not subject him to sentencing under the ACCA.

*Defendant's long sentence*

Giaimis argues that he is entitled to compassionate release because of his unusually long sentence. The Government argues that Giaimis's sentence was and still is appropriate for his crimes. The Government further notes that he has made this same argument in his 28 U.S.C. § 2255 motions as well as subsequent motions for reconsideration, all of which were denied. As such, the Government contends that Giaimis's motion should be denied because he has already litigated these issues with the Court and has not sought authorization from the Fifth Circuit to file a successive petition.

As to Giaimis's argument concerning changes in the law that would have an impact on his sentence, the Government remarks that it was Defendant's prior felony conviction for possession with intent to deliver methamphetamines that triggered a § 851 filing, which raised his mandatory minimum sentence from 10 to 20 years. The Government concedes that even though it is arguable whether or not that Giaimis's prior convictions would

satisfy the requirement under § 851 now, changes in the law now relating to § 851 are not retroactive.

The Government further notes that Congress has plainly instructed that federal courts generally may not modify a term of imprisonment once imposed and any reasons sufficient to overcome that principle must be "extraordinary and compelling,." 18 U.S.C. § 3582(c)(1)(A)(i). Therefore, the Government argues that no reasonable interpretation of that phrase's text, particularly when considered in light of the statute's structure and purpose, can encompass non-retroactive or intervening changes in law. See *United States v. McMaryion*¸2023 WL 4118015, at *2 (5th Cir. Cir. June 22, 2023) (per curiam) (unpublished) (determining that § 3582(c)(1)(A)(i)'s clear meaning excludes intervening developments in sentencing law from constituting "extraordinary and compelling" reasons for a sentence reduction, whether considered alone or in connection with other factors and circumstances.)

The Court finds that the Sentencing Commission's policy statement provides no basis to reconsider Giaimis's sentence based on recent developments in sentencing law. i. e., Congress did not make those reductions retroactive, and a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion. See *McMaryion, supra*.[11] Thus, Giaimis has failed to establish an extraordinary and compelling reason to reduce his sentence based on changes in the law.

*Family Circumstance*

---

[11] The *McMaryion* case in not a published opinion, but the Court does consider it as persuasive authority.

Giaimis argues that he has extraordinary and compelling reason to effect his immediate release by a sentence reduction based on the needs of his 88-year old mother for around-the-clock care. Giaimis also remarks that his sister and his wife are unable to assist because of the distance they live from her and their own family needs.

One of the family circumstances warranting a reduction in a defendant's sentence is "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(C). The Government contends that Giaimis fails to provide sufficient documentation as to his mother's current and future medical condition, her financial situation, or how he would provide for himself and/or his mother, and how he could provide around-the-clock care for his mother and work to sustain himself and/or his mother. The Government further notes that Giaimis has failed to explain his own qualifications for providing care for his mother. The Government cites *United States v. Harper*, 2024 WL 1533650, at *4 (W.D. La. Apr. 9, 2024), wherein the Court determined that these same arguments did not warrant compassionate release.

The Court agrees and finds that Giaimis has failed to persuade this Court that he has extraordinary and compelling reasons to reduce his sentence based on his family circumstances.

*Rehabilitation*

Next, Giaimis argues that his rehabilitation efforts while incarcerated are sufficient to satisfy the extraordinary and compelling reasons to warrant a sentence reduction. The Government contends that pursuant to U.S.S.G. § 1B1.13(d), rehabilitation by itself is not an extraordinary and compelling reason for purposes of this policy statement but may be

considered in combination with other circumstances to determine if a sentence reduction is warranted. Consequently, the Government argues that Giaimis is not entitled to a sentence reduction and alternatively, the § 3553(a) factors weigh against Giaimis's release. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (noting that one of the requirements for relief the FSA left undisturbed was that the defendant must "convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors"; see also *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir.2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense and had served less than half the sentence imposed.)

Here, the Government reminds the Court that the facts and circumstances surrounding his conviction were that Giaimis, a convicted felon, possessed a room full of firearms, that were connected with the distribution of large quantities of methamphetamine, from his home and the Bridge Point Yacht Center where he worked and now wants to return. Additionally, Giaimis had a criminal history dating back to 1988, was convicted of at least four separate offences involving some level of possessing with intent to distribute narcotics. Also, during a previous supervised released after being sentenced to prison, Giaimis continued to commit the same drug and firearm offenses while on supervised release. The Government remarks that even if the defendant's felony burglary convictions would not be considered for ACCA purposes today, his convictions for these crimes still show that he participated in heinous conduct and continued to possess over twenty firearms and suppressors while being a convicted felon.

Finally, the Government remarks that Giaimis was sentenced at the bottom of the 262-327 guideline range and has barely served over half of the originally imposed sentence. See *United States v. Huckel*, 839 F.App'x 940, 941 (5th Cir. 2021) (affirming the denial of a compassionate release motion because defendant "had committed as serious offense; had a 'fairly lengthy criminal history'; denial of the motion was necessary to protect the public from future crimes; and releasing Huckel was not in the interests of justice and would minimize the seriousness of the offense;" Huckel's "conclusional statement that the § 3553(a) factors favor his early release and that the district court failed to consider the § 3553(a) factors" were insufficient to demonstrate an abuse of discretion); *United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (affirming the denial of a § 3582(c)(1)(A) motion where "the district court considered the sentencing factors in 18 U.S.C. § 3553(a)," and reasonably "place[d] greater weight on the seriousness of Martinez's offense, including the fact that a dangerous weapon was involved in the criminal activity, of which he was considered a leader"); *United States v. Barnes*, 832 F. App'x 343, 344 (5th Cir. 2020) ("To the extent that the district court's rationale implicated the § 3553(a) factors, Barnes fails to show that the district court abused its discretion by giving greater weight to the seriousness of Barnes's criminal history, his prison disciplinary record, the amount of time served on his sentence, the need to protect the community, and the need for just punishment than to Barnes's post-sentencing rehabilitation, his medical issues, the impact of the pandemic at USP Lewisburg, and the response to the pandemic by the Bureau of Prisons."); *United States v. Rudzavice*, 831 F. App'x 731, 732 (5th Cir. 2020) (finding no abuse of discretion in the district court's denial of a compassionate release motion based on a finding that

"Rudzavice remained a danger to the safety of others and that his immediate release after serving less than half of his sentence would not be in the interest of justice and would minimize the seriousness of his crimes").

Here, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a), specifically, the danger imposed by Giaimis's early release. Giaimi has not persuaded the Court that he is not a danger to the safety of any other person or the community. The facts and circumstances surrounding this conviction include numerous firearms he possessed as a convicted felon, the amount of drugs he possessed with the intent to distribute, and his past convictions and illegal conduct while on supervised release. Accordingly, the Court finds that Giaimis's request for a modified and reduced sentence must be denied.

**IT IS ORDERED** that that Motion for Immediate Release under 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 22nd day of July, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**