UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:12-CR-00074-03 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| ANTHONY F. GIAIMIS (03) | |

## MEMORANDUM ORDER

Before the Court is "Defendant's Motion for Reconsideration" (Doc. 275) wherein Defendant, Anthony G. Giaimis, requests that this Court revisit the denial of Defendant's Motion for Immediate Release[1] under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's grounds for relief are that he is serving an unusually long sentence in light of several intervening, non-retroactive changes in the law since the time of his original sentencing. The Government opposes the Motion.

## BACKGROUND

In 2013, following a 7-count indictment, Defendant was convicted in this Court of: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine; (2) possession of 5 grams or more of methamphetamine with intent to distribute; (3) possession of firearms by a convicted felon.[2] On August 8, 2013, Defendant was sentenced to concurrent terms of imprisonment totaling 262 months.[3]

---

[1] Doc. 270.
[2] Doc. 27.
[3] Doc. 162.

Defendant's sentenced was enhanced under the Armed Career Criminal Act ("ACCA") from zero to ten years, to life based on at least three (3) prior convictions for violent felonies.[4] The guideline for ACCA offenders, USSG § 4B1.4, increased his sentencing range from 151 to 188 months to 262 to 327 months.[5] On December 5, 2023, Defendant submitted a written request for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) to the Warden of the institution in which he is in custody, but that request was denied on December 13, 2023.[6]

Defendant then filed a Motion for Immediate Release under 18 U.S.C. § 3582(c)(1)(A)(i) requesting that he be released for "extraordinary and compelling" reasons.[7] After briefing, the Court denied the requested relief.[8] Defendant now seeks reconsideration of that Memorandum Ruling and Order.

## LAW AND ANALYSIS

Defendants argue that due to new developments in the law, citing *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024), that by limiting the grounds for compassionate release to extraordinary and compelling reasons, Congress did not limit a sentencing court's ability to consider non-retroactive changes in the law as a factor to consider. *Jean* at *6. In *Jean*, the Fifth Circuit addressed the question of whether a sentencing court has the discretion to hold that non-retroactive changes in the law, when combined with

---

[4] Doc. 151.
[5] PSR ¶ 63.
[6] Doc. 270-4.
[7] Doc. 270.
[8] Doc. 274.

extraordinary rehabilitation, amounts to 'extraordinary and compelling reasons' warranting compassionate release. The court answer the question affirmatively. *Id.* at *4.

The Government argues that the Court should still deny Defendant's release because the 18 U.S.C. § 3553(a) factors weigh against release, and if the Court is to reconsider based on *Jean*, the Government requests that the Court stay its decision or hold any ruling in abeyance.

Defendant informs that Court that at the time of his original sentencing, the guideline range for his conviction was 262 -327 months, whereas today, it would be 121 – 151 months. Defendant remarks that the November 1, 2023, amendments to the Sentencing Guidelines, in particular § 1B1.13, include a list of extraordinary and compelling circumstances that may justify a sentence reduction—"a change in the law resulting in the defendant receiving an unusually long sentence." *Id.* Thus, Defendant posits that this Court can consider intervening changes of law in a compassionate release proceeding. Moreover, it is within this Court's discretion to consider nonretroactive changes in the law, together with other factors to support a motion for compassionate release.

The Government requests that the Court hold in abeyance any ruling in this matter because in *Jean*, the Fifth Circuit held issuance of the mandate indicating that  a poll for

rehearing may be pending. On September 18, 2024, the United States filed a Petition for Rehearing En Banc and briefing has been ordered. As such,

**IT IS ORDERED** that a ruling on Defendant's Motion will be held in abeyance until the Fifth Circuit addresses the Petition for Rehearing En Banc. The parties may apprise the Court when the Fifth Circuit has spoken, and this Court will then order additional briefing if necessary, and/or rule on Defendant's Motion.

**THUS DONE AND SIGNED** in Chambers on this 7th day of November, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE