UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**  CASE NO. 2:12-CR-00074-03

**VERSUS**  JUDGE JAMES D. CAIN, JR.

**ANTHONY F. GIAIMIS (03)**

**MEMORANDUM ORDER**

Before the Court is "Defendant's Motion for Reconsideration" (Doc. 275) wherein Defendant, Anthony G. Giaimis, requests that this Court revisit the denial of Defendant's Motion for Immediate Release[1] under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's grounds for relief are that he is serving an unusually long sentence in light of several intervening, non-retroactive changes in the law since the time of his original sentencing. The Government opposes the Motion.

**BACKGROUND**

In 2013, following a 7-count indictment, Defendant was convicted in this Court of: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine; (2) possession of 5 grams or more of methamphetamine with intent to distribute; (3) possession of firearms by a convicted felon.[2] On August 8, 2013, Defendant was sentenced to concurrent terms of imprisonment totaling 262 months.[3] Defendant's sentenced was enhanced under the Armed Career Criminal Act ("ACCA") from zero to ten

---

[1] Doc. 270.
[2] Doc. 27.
[3] Doc. 162.

years, to life based on at least three (3) prior convictions for violent felonies.[4] The guideline for ACCA offenders, USSG § 4B1.4, increased his sentencing range from 151 to 188 months to 262 to 327 months.[5] On December 5, 2023, Defendant submitted a written request for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) to the Warden of the institution in which he is in custody, but that request was denied on December 13, 2023.[6]

Defendant then filed a Motion for Immediate Release under 18 U.S.C. § 3582(c)(1)(A)(i) requesting that he be released for "extraordinary and compelling" reasons.[7] After briefing, the Court denied the requested relief.[8] Defendant has sought reconsideration of that Memorandum Ruling and Order.

On November 7, 2024, this Court held in abeyance the instant Motion at the Government's request due to new developments in the law that Defendant relies upon, specifically, *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024). In *Jean*, the court held that a sentencing court had the discretion to hold that non-retroactive changes in the law, when combined with extraordinary rehabilitation, amounts to 'extraordinary and compelling reasons' warranting compassionate release. *Id.* at 4. The Fifth Circuit held issuance of the mandate, which indicated that a poll for rehearing may be pending. Thereafter, the United States filed a Petition for Rehearing En Banc.

The Fifth Circuit has now denied the Petition for Rehearing En Banc in *Jean*. *United States v. Jean*, 23-40463 (5th Cir. April 10, 2025). Additionally and more significantly, on

---

[4] Doc. 151.
[5] PSR ¶ 63.
[6] Doc. 270-4.
[7] Doc. 270.
[8] Doc. 274.

January 13, 2025, the Fifth Circuit abrogated the *Jean* decision and upheld its earlier ruling in *United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023). *United States v. Austin*, 125 F.4th 68, (5th Cir. 1/13/2025). The Fifth Circuit court held that non-retroactive changes in law lowering the mandatory minimum sentence did not constitute the extraordinary and compelling reason for relief required to warrant granting a motion for compassionate release. The court specifically held that the Court of Appeals would disregard the panel decision that concluded that changes in law could constitute an extraordinary and compelling reason warranting compassionate release because it openly disregarded an earlier panel decision concluding the opposite. *Jean*, 108 F.4th 275.

After the rulings above were issued, counsel for Defendant filed "Defendant's Notice Regarding Abeyance and Notification of Adverse Precedent" (Doc. 283) wherein Defendant moves to lift the abeyance in this matter and withdraw his Motion for Reconsideration (doc. 275). Accordingly,

**IT IS ORDERED** that the abeyance is **LIFTED**, and the Motion for Reconsideration is **WITHDRAWN.**

**THUS DONE AND SIGNED** in Chambers on this 27th day of May, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**